UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division


DONAVON ROBERT BRADLEY,


                    Petitioner,
                                        Civil No.: 4:14cv5
v.                                      Criminal No.: 4:04cr76

UNITED STATES OF AMERICA,



                        MEMORANDUM ORDER

     This matter is before the Court on Donavon Robert Bradley's ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence, filed pursuant to 28 U.S.C. § 2255.  Petitioner's § 2255 motion challenges the lawfulness of his sentence, and asserts actual innocence as to one of his three counts of conviction.  Although Petitioner seeks to rely on a recent Supreme Court decision to justify the filing of his motion almost nine years after his conviction and sentence became final, his reliance is misplaced.  For the reasons stated below, Petitioner's motion is **DISMISSED** as untimely, and is alternatively **DENIED** on the merits.

                        A. Background

     In late 2004, Petitioner entered a plea of guilty as to three felony counts: Count One, Conspiracy to Distribute and Possess with Intent to Distribute 50 grams or more of Cocaine Base (10 years to life); Count Three, Possession of a Firearm in

Furtherance of a Drug Trafficking Crime (5 years to life - consecutive); and Count Twenty, Possession of a Firearm in Furtherance of a Drug Trafficking Crime (25 years to life - consecutive). ECF No. 46. At the time of his plea, Petitioner entered into a written stipulation of facts with the Government in which he admitted that he had distributed more than fifty grams of cocaine base, and further admitted that he possessed two different firearms in furtherance of drug trafficking. ECF No. 47. Petitioner was thereafter sentenced to a term of 250 months imprisonment on Count One, and the statutory mandatory minimum consecutive sentences of sixty (60) months on Count Three and three-hundred (300) months on Count Twenty. ECF No. 56. Petitioner's term of imprisonment was subsequently reduced, and he currently has another motion pending before this Court seeking a sentence reduction based on a retroactive Guideline amendment; **such motion will be resolved by separate Order.**

Petitioner filed the instant motion approximately nine years after his conviction and sentence became final, relying on the Supreme Court's decision in Alleyne v. United States, -- U.S. --, 133 S. Ct. 2151 (2013) in an effort to render his motion timely. As discussed below, Petitioner's § 2255 motion is both untimely and fails on the merits.

## B. Standard

A federal prisoner, in custody, may collaterally attack his sentence or conviction by moving the district court "to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). To obtain such relief, a petitioner bears the burden of proving that his sentence or conviction was "imposed in violation of the Constitution or laws of the United States," that the district court "was without jurisdiction to impose such sentence," that the sentence exceeds "the maximum authorized by law," or that the sentence or conviction is "otherwise subject to collateral attack." Id. A petitioner must prove the asserted grounds for relief by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

The existence of the right to pursue a collateral attack does not displace a direct appeal as the "usual and customary method of correcting trial errors." United States v. Allgood, 48 F. Supp. 2d 554, 558 (E.D. Va. 1999). To the contrary, with limited exceptions, a petitioner advancing new claims asserted for the first time in a § 2255 motion "must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1981). Accordingly, a § 2255 "collateral challenge may not do service for an appeal." Id. at 165. The "higher hurdle" that applies to claims advanced for the first time in a § 2255 action exists

3

because, once a Petitioner's opportunity to pursue a direct appeal has been waived or exhausted, there is "a final judgment [that] commands respect." Id. at 164-65. Accordingly, the doctrine of procedural default generally prevents a district court from reaching the merits of § 2255 claims that were not raised on direct appeal unless a petitioner can show: (1) "cause" excusing the failure to directly appeal such alleged errors; and (2) "actual prejudice resulting from the errors of which he complains." United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1992). Alternatively, a petitioner may overcome the procedural default bar in limited circumstances by demonstrating that "a miscarriage of justice would result from the refusal of the court to entertain the collateral attack," such as where a petitioner can demonstrate actual innocence. Id. Actual innocence, however, "means factual innocence, not mere legal insufficiency" of a conviction. Bousley v. United States, 523 U.S. 614, 623 (1998).

### C. Petitioner's Motion is Untimely

The time for filing a § 2255 habeas motion is governed by 28 U.S.C. § 2255(f), which states as follows:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of

4

the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Here, Petitioner's motion was filed nearly nine years after his conviction became final, and Petitioner's motion is therefore plainly untimely under subsection (f)(1). Knowing that his motion was filed so long after his conviction became final, and utilizing a § 2255 form that prompts the filer to explain the timeliness of the motion, Petitioner expressly invoked subsection (f)(3), citing to the Supreme Court's 2013 decision in Alleyne. Petitioner's motion does not seek to invoke subsection (f)(2) or (f)(4), although his brief in support of his motion seeks to invoke general principles of equitable tolling.

Petitioner's attempt to invoke Alleyne to render his motion timely under § 2255(f)(3) fails for two reasons. First, "Alleyne has not been made retroactively applicable to cases on collateral review," United States v. Stewart, 540 F. App'x 171, 172 n.* (4th Cir. 2013), and it therefore fails to extend Petitioner's limitation period under subsection (f)(3), see Goodman v. United States, 2:14cv288, 2014 WL 5092634, at *3

5

(E.D. Va. Sept. 30, 2014) (rejecting the petitioner's request that the court "toll the statute of limitations pursuant to § 2255(f)(3) and Alleyne" as the petitioner failed to demonstrate that Alleyne was "an intervening change in controlling law" or that it was "made retroactively applicable to sentences on collateral review").

Second, even if Alleyne applies retroactively, its holding is simply not applicable to this case based on the manner in which Petitioner was sentenced. Alleyne concluded that facts that increase a statutory mandatory minimum sentence are an "element" of the offense that must either be submitted to the jury, or admitted to by the defendant in a case that is resolved by guilty plea. Alleyne, 133 S. Ct. at 2155; see United States v. Lowery, 246 F. App'x 839, 842 (4th Cir. 2007) (explaining that "[e]lements of the offense must be admitted by the defendant or determined by a jury beyond a reasonable doubt"). Here, Petitioner admitted that he was responsible for trafficking a sufficient quantity of cocaine base (more than 50 grams) to trigger a ten-year mandatory minimum sentence and a "life" imprisonment maximum sentence. 21 U.S.C. § 841(b)(1)(A). Clarifying the distinction between factfinding used to impermissibly raise a punishment range, and factfinding used to permissibly inform the ultimate sentence, the United States Court of Appeals for the Fourth Circuit recently stated:

6

> As Alleyne explained, the Due Process Clause and the Sixth Amendment generally require that any factual finding that raises the minimum or maximum sentence a defendant faces must be charged in the indictment and admitted by defendant or proven to a jury beyond a reasonable doubt. However, Alleyne specifically preserved the distinction, for constitutional purposes, between facts that circumscribe the range in which a district court may impose sentence and facts that inform the district court's choice of sentence within that range.

United States v. Jones, 572 F. App'x 210, 210 (4th Cir. 2014) (emphasis added) (internal citations omitted).

Here, although Petitioner was sentenced to a term of imprisonment above the mandatory minimum based on factual findings made by the sentencing judge, Petitioner's statutory range of ten years to life was not increased, at either end, based on findings made by the Court. Stated differently, Petitioner admitted his guilt and stipulated to the factual predicate for a drug trafficking offense that carried a sentence of ten years to life, and the Court permissibly considered additional facts in determining that 250 months was the appropriate sentence, which is more than ten years, but less than life. For these reasons, Alleyne has no application to this case.

In addition to Petitioner's reliance on Alleyne failing to render his motion timely, it is clear from the record that there is no valid alternative basis to toll the limitations period under principles of "equitable tolling." First, all of the

7

facts Petitioner now asserts in support of a modification to his conviction or sentence were facts that Petitioner would have known no later than the date on which he was sentenced in early 2005. Second, as to Petitioner's legal arguments that rely on intervening Supreme Court cases, as discussed below, such theories fail to demonstrate Petitioner's innocence, and thus, tolling is not appropriate on that basis. Third, Petitioner's contention in his memorandum that the time he purportedly spent in "the hole" while in protective custody prevented him from filing a § 2255 motion for more than eight years is unsupported by any evidence and is incredible on its face.[1]

Although this Court typically does not dismiss a § 2255 motion as untimely prior to permitting a petitioner to file a supplemental brief further addressing the timeliness of the motion, because Petitioner's motion was filed so many years after he was sentenced, and because his motion already attempts (unsuccessfully) to justify such late filing, there would be no benefit in affording Petitioner an opportunity for further briefing. Rather, the instant matter is one of the rare cases where it is "indisputably clear from the materials presented . . . that the petition is untimely and cannot be salvaged by

---

[1] Petitioner asserts that he spent less than 2 years total in "the hole" and although he further asserts that he "bounced back and forth" from one prison or jail to another, he fails to provide any facts that would support a finding that such "bouncing around" was so disruptive that his limitations period should be tolled for an additional six years.

8

equitable tolling principles or any of the circumstances enumerated in § [2255(f)]." Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002). Moreover, because Petitioner's motion is alternatively analyzed and denied on the merits, it would be an exercise in futility to afford Petitioner a second attempt at explaining why his motion is timely. Petitioner's motion is therefore **DISMISSED** as untimely.

### D. Even if Timely, Petitioner's Motion Fails

#### 1. Claims are Defaulted

Petitioner's claims are procedurally defaulted as they were raised for the first time in a § 2255 motion, nothing in the record suggests that "cause" or "prejudice" exists to excuse Petitioner's default, and as discussed below, Petitioner has failed to demonstrate that he is actually innocent of any count of conviction. Mikalajunas, 186 F.3d at 492-93; Yeatts v. Angelone, 166 F.3d 255, 261-62 (4th Cir. 1999). Although a Petitioner is typically afforded the opportunity to explain why a purportedly defaulted claim should be considered on the merits, similar to the above, the Court concludes that it would be futile to request additional briefing from Petitioner on this point because his claims alternatively fail on the merits.

#### 2. Claims lack Merit

Both of Petitioner's asserted grounds for relief fail on the merits. Petitioner's first ground for relief alleges that

9

his Sixth Amendment rights were violated under <u>Alleyne</u>. As discussed above, Petitioner entered into a voluntary plea in which he stipulated to trafficking in a sufficient amount of cocaine base to trigger a ten-year mandatory minimum sentence. Subsequent to his plea, Petitioner's mandatory minimum sentence <u>was never increased</u> based on judicial factfinding, and <u>Alleyne</u> therefore has no application to Petitioner's case. <u>See</u> <u>United States v. Fiel</u>, No. 3:10cr170, 2014 WL 3812360, at *2-3 (E.D. Va. Aug. 1, 2014) ("[S]ince the [sentencing] enhancements applied by the Court are not elements of the underlying offense, neither <u>Alleyne</u> nor <u>Apprendi</u> are implicated."). Rather, the sentencing judge permissibly made factual findings as to the drug weight attributable to Petitioner in order to impose a sentence between the statutory floor (ten years imprisonment) and the statutory ceiling (life imprisonment). <u>See</u> <u>Williams v. United States</u>, No. 1:09cr414, 2014 WL 6775761, at *4 (E.D. Va. Dec. 2, 2014) (explaining that "the Supreme Court was clear" that <u>Alleyne</u> did not change the long recognized rule that the Sixth Amendment is not violated when a sentencing judge exercises his or her discretion to impose a sentence <u>within the statutory range</u> based on "'judicial factfinding'" (quoting <u>Alleyne</u>, 133 S. Ct at 2163)).

Petitioner therefore fails to demonstrate that any error occurred at his sentencing, let alone an error so serious that

10

it undercuts this Court's jurisdiction, results in a constitutional violation, or otherwise constitutes a "fundamental defect which inherently results in a complete miscarriage of justice." Hill v. United States, 368 U.S. 424, 428 (1962). For these reasons, Petitioner's first ground for relief is **DENIED** on the merits.

Petitioner's second ground for relief alleges that he is actually innocent of the offense charged in Count Three (firearm in furtherance of drug trafficking) because: (1) he did not barter a firearm for drugs, but instead sold a firearm for money; and/or (2) even assuming he bartered a firearm for drugs, such act does not constitute a § 924(c) violation. Petitioner's preliminary argument fails on its face as it is a post-conviction attempt to assert facts in direct conflict with the stipulated facts that supported Petitioner's plea of guilty. Petitioner's secondary argument fails based on controlling law.

As recently explained by another judge of this Court:

> Of course . . . the representations of the defendant, his lawyer, and the prosecutor during the plea proceedings, "as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Therefore, "in the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false." United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005) (internal citations and quotations

omitted). Accordingly, the Fourth Circuit has admonished that, "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, <u>dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements.</u>" <u>Id.</u> at 221-22.

<u>United States v. Ellis</u>, 3:10cr228, 2014 WL 6712748, at *3 (E.D. Va. Nov. 26, 2014); <u>see</u> <u>Planter v. United States</u>, 2:11cv562, 2012 WL 4499044, at *4 (E.D. Va. Sept. 28, 2012) (rejecting a petitioner's attempt on collateral review to challenge his prior factual stipulation, noting that the petitioner had orally swore that such facts were true in conjunction with entering his guilty plea).

Here, in late 2004, Petitioner signed a plea agreement and statement of facts admitting his guilt to Count Three and admitting the factual predicate to support such offense of conviction. The Court then conducted a Rule 11 plea colloquy, on the record, to ensure that Petitioner understood his rights and that he was entering into a knowing and voluntary plea, and that such plea was supported by an independent basis in fact. Petitioner's current assertion of innocence does not allege the discovery of new evidence, or any other factual development, but instead seeks to directly contradict Petitioner's prior sworn statements. Applying the controlling standard as set forth by the Fourth Circuit in <u>Lemaster</u>, this Court rejects Petitioner's

12

attempt, <u>nine years</u> after his conviction became final, to withdraw his prior admission of guilt and directly contradict the factual stipulation that supported his conviction on Count Three. <u>See</u> ECF No. 47 ¶ 2 (stipulated statement of facts indicating that the firearm charged in Count Three was possessed by Petitioner "in furtherance of <u>both</u> the conspiracy of which defendant is charged in Count One of the superseding indictment <u>and</u> also in furtherance of the possession with intent to distribute the four grams of crack cocaine received from the co-coconspirator" in exchange for the firearm) (emphasis added). Petitioner's untimely and contradictory assertions of factual innocence fail on their face, and are viewed by the Court as "palpably incredible." <u>Lemaster</u>, 403 F.3d at 221.

Petitioner's memorandum in support of his § 2255 motion appears to acknowledge that it is likely too late to challenge the previously stipulated facts, and he therefore alternatively argues that, based on Supreme Court precedent, a "gun for drugs" barter transaction cannot support a § 924(c) conviction. <u>Watson v. United States</u>, 552 U.S. 74 (2007). However, Petitioner's reliance on <u>Watson</u> is misplaced because the analysis in that case with respect to whether a conviction under the "use" prong of § 924(c) can be predicated on a barter transaction <u>is limited to transactions where drugs are given in exchange for receiving a gun</u>. <u>Id.</u> at 83. In contrast, here, Petitioner's conviction

13

is predicated on trading providing a gun in exchange for receiving drugs that were intended for distribution. Compare Smith v. United States, 508 U.S. 223, 241 (1993) ("We therefore hold that a criminal who trades his firearm for drugs 'uses' it during and in relation to a drug trafficking offense within the meaning of § 924(c)(1)."), with Watson, 552 U.S. at 83 ("[W]e hold that a person does not 'use' a firearm under § 924(c)(1)(A) when he receives it in trade for drugs."). Notably, in the Watson opinion, the Supreme Court expressly acknowledged that the Court's prior holding in Smith remains controlling law. Watson, 552 U.S. at 82-83. Because here, as outlined above, Petitioner admitted to trading a gun for drugs that were then possessed with the intent to be distributed, he fails to demonstrate that his conviction was improper. For these reasons, Petitioner's second ground for relief is **DENIED** on the merits.

### E. Summary

Petitioner's § 2255 motion is **DISMISSED** as untimely, it being filed approximately nine years after Petitioner's conviction and sentence became final. Moreover, as discussed above, Alleyne does not alter the filing period as it has not been made retroactive on collateral review, nor is it implicated based on the facts of this case.

14

Alternatively, even if Petitioner's § 2255 motion was timely filed, both of Petitioner's grounds for relief set forth therein plainly fail on the merits. Petitioner's motion is therefore alternatively **DENIED** on the merits.

Finding that the procedural basis for dismissal of Petitioner's § 2255 motion is not debatable on this record, and alternatively finding that Petitioner has not made a "substantial showing of the denial of a constitutional right," a certificate of appealability as to Petitioner's § 2255 motion is **DENIED**. 28 U.S.C. § 2253(c)(2); see R. Governing § 2255 Proceedings in U.S. Dist. Cts. 11(a); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003).

Petitioner is **ADVISED** that because a certificate of appealability is denied by this Court, he may seek a certificate from the United States Court of Appeals for the Fourth Circuit. R. Gov. § 2255 Proceedings for U.S. Dist. Cts. 11(a). If Petitioner intends to seek a certificate of appealability from the Court of Appeals, he must forward a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia, 23510, within sixty (60) days from the date of this Order.

The Clerk is **DIRECTED** to forward a copy of this Memorandum Order to the Petitioner, to the Petitioner's former counsel, and

15

to the United States Attorney's Office in Newport News, Virginia.

IT IS SO ORDERED.

/s/
Mark S. Davis
United States District Judge

UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
February 4 , 2015

16